**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| QUEEN JAMES, Petitioner | : | |
| Relator on behalf of | : | |
| WILLIAM IVERY JAMES, | : | |
| | : | |
| Petitioner, | : | Civil Action |
| | : | 09-277 (RMB) |
| v. | : | |
| | : | |
| JOHN R. OWEN, Corporate | : | **OPINION** |
| Entity and Holder of | : | |
| the Key, | : | |
| | : | |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

> QUEEN JAMES, Petitioner Relator pro se
> On Behalf of WILLIAM IVERY JAMES, Petitioner
> FCI Williamsburg
> Salters, South Carolina 29590

**Renée Marie Bumb, District Judge**

Petitioner Relator Queen James, ("Queen James"), filed a

Petition for Emergency Writ of Habeas Corpus ("Petition") on

behalf of William Ivery James, ("Petitioner"), an inmate

currently confined at FCI Williamsburg in South Carolina.  This

Court will summarily dismiss the Petition for lack of

jurisdiction and deny a certificate of appealability.  See 28

U.S.C. § 2243;  Rule 4, 28 U.S.C. foll. § 2255.

**I.  BACKGROUND**

Petitioner is serving a 120-month term of imprisonment imposed on August 13, 2002 by the United States District Court for the Southern District of Georgia, based on his guilty plea to one count of being a felon in possession of a firearm (18 U.S.C. § 924(a) and (f)).  See United States v. James, Crim. No. 02-03(DHB)(S.D. Ga. Aug. 13, 2002).  On April 22, 2009, Queen James executed a Petition for Emergency Writ of Habeas Corpus on behalf of Petitioner.  (D.I. 1.)  According to the Petition, Petitioner has been confined in "FCI Williamsburg" in Williamsburg County, South Carolina since "August 13, 2002."  The Petition alleges that Respondent "is a corporation for profit" which is holding Petitioner "against his will, over his objection, and without his consent," because "no criminal action in the State of Georgia has been commenced against Petitioner by the filing of an affidavit/complaint, [or] by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance."  Id. at pp. 1-2. Petitioner, through Queen James, contends that the Court can review the instant Petition because it has original jurisdiction over Delaware corporations, and he asks the Court to "command Respondent . . . to immediately discharge [Petitioner]."  Id. at p. 3.

**II.   STANDARD OF REVIEW**

A federal prisoner challenging the legality of his
conviction or sentence must file a motion to vacate, correct, or
modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing
court.  See 28 U.S.C. § 2255(a);  Davis v. United States, 417
U.S. 333, 343 (1974);  In re Dorsainvil, 119 F.3d 245, 249 (3d
Cir. 1997).  The proper respondent for a § 2255 motion is the
United States of America.  See Waksmunski ex rel. Korbe v.
Mitchell, 2009 WL 499455 (W.D. Pa. Feb. 27, 2009).  In turn, a
federal prisoner challenging the manner in which his sentence is
being executed must file a petition for the writ of habeas corpus
pursuant to 28 U.S.C. § 2241 in the district of confinement.
Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004);  see United
States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas
corpus petition pursuant to § 2241 is appropriate in the district
of confinement);  Dupee v. United States, 2002 WL 31831388, at *1
(E.D. Pa. Dec. 11, 2002).  The proper respondent for a § 2241
petition is the warden of the institution where the petitioner is
incarcerated at the time of filing.  Rumsfeld, 542 U.S. at 444-
46.

Federal courts are required to liberally construe pro se
filings.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).
Nevertheless, a district court may summarily dismiss a habeas
petition "if it plainly appears from the face of the petition,

any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  See Rule 4(b), 28 U.S.C. foll. § 2255;  see also 28 U.S.C. 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.")

## III.  DISCUSSION

### A.  Standing

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242. An individual seeking to prosecute a habeas petition on behalf of another must "establish the requisite [Article III] standing to sue."  Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).  Article III standing is a jurisdictional requirement, which a court is obligated to raise sua sponte.  Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003);  Desi's Pizza Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

It is well-settled that a pro se litigant may not act as an attorney for other individuals.  See 28 U.S.C. § 1654;  Alexander v. New Jersey State Parole Bd., 160 Fed. Appx. 249, 250 n.1 (3d Cir. 2005)(non-precedential);  Harris v. Philadelphia Police Dep't, 2006 WL 3025882 (E. D. Pa. Oct. 20, 2006.);  In the Matter

of Chojecki, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000)(citing

United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994)

("Although a non-attorney may appear in propria persona on his

own behalf, that privilege is personal to him and he has no

authority to appear as the attorney for anyone other than

himself.").)  However, a third party may attain "next friend"

standing to pursue habeas relief on behalf of a prisoner by

demonstrating that the prisoner "is unable, usually because of

mental incompetence or inaccessibility, to seek relief himself,"

and that the third party has some "significant relationship" with

the prisoner and is truly dedicated to best interests of the

prisoner.  Whitmore v. Arkansas, 495 U.S. 149, 162-64 (1990).

The burden of proving "next friend" status rests with the moving

party.  Id. at 163.

     In this case, an individual named Queen James filed the

Petition on behalf of Petitioner.  There is no indication that

Queen James is admitted to the practice of law and acting as

Petitioner's attorney;  rather, Queen James appears to be a pro

se litigant who is improperly acting as Petitioner's attorney.

     In addition, Queen James has failed to establish that (s)he

qualifies for "next friend" standing under Whitmore.  First,

Queen James has not demonstrated that (s)he is truly dedicated to

the best interests of Petitioner and that (s)he has some

"significant relationship" with Petitioner.  Second, Queen James

has not proven that Petitioner is unable to litigate his own case

due to mental incapacity, lack of access to a court, or a similar

disability.  See, e.g., Barlow v. Farber, 2006 WL 842422, at *3

(D.N.J. Mar. 29, 2006).  For these reasons, the Court concludes

that Queen James does not have standing to pursue Petitioner's

legal interests.  Accordingly, the Court will dismiss the

Petition for lack of subject matter jurisdiction.

### B.  Wrong Court

In turn, to the extent the instant Petition challenges the

legality of Petitioner's conviction and sentence under 28 U.S.C.

§ 2255, the Court does not have jurisdiction over this proceeding

because the Court did not impose Petitioner's conviction and

sentence.[1]  To the extent Petitioner is challenging the execution

of his sentence pursuant to 28 U.S.C. § 2241, the Court does not

have jurisdiction to review the pending Petition because

Petitioner is not confined in this district.  Accordingly, the

Court will also dismiss the Petition for lack of jurisdiction

under § 2255 and § 2241.[2]

## IV.  CERTIFICATE OF APPEALABILITY

Finally, to the extent the instant Petition constitutes a §

2255 motion, the Court must decide whether to issue a certificate

of appealability.  28 U.S.C. § 2253;  See United States v.

---

[1]The Court also notes that the Petition does not list the
proper respondent for a § 2255 motion.

[2]Given the Court's prior determination that Queen James
lacks standing to pursue habeas relief on behalf of Petitioner,
the Court declines to transfer the case to a federal court in
South Carolina or in Georgia because such a transfer would not be
in "furtherance of justice."  28 U.S.C. § 2241(d);  28 U.S.C. §
1406(a).

<u>Cepero</u>, 224 F.3d 256, 265-66 (3d Cir. 2000)("federal prisoner appeals from 2241 proceedings, however, are not governed by 2253's certificate of appealability requirement.");  3d Cir. L.A.R. 22.2 (2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court has concluded that it lacks jurisdiction to review the instant Petition.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

**V.  CONCLUSION**

For the reasons set forth above, the Court dismisses the Petition for Emergency Writ of Habeas Corpus in its entirety for lack of jurisdiction.  The Court denies a certificate of appealability.

An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

Date: August 7, 2009

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| QUEEN JAMES, Petitioner : <br> Relator on behalf of : <br> WILLIAM IVERY JAMES, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> JOHN R. OWEN, Corportate : <br> Entity and Holder of : <br> the Key, : <br> : <br> : <br> Respondent. : <br> : | Civil Action <br> 09-277 (RMB) <br> <br> <br> **ORDER** |

For the reasons stated in the Opinion filed herewith,

IT IS on this **7th** day of **August** 2009,

**ORDERED** that the Petition for Emergency Writ of Habeas

Corpus (D.I. 1.) is **DISMISSED** for lack of jurisdiction; and it is

further

**ORDERED** that a certificate of appealability is **DENIED**, see

28 U.S.C. 2253(c)(2); and it is further

**ORDERED** that the Clerk shall serve copies of this Order and

the accompanying Opinion upon Petitioner by regular U.S. mail and

close the file in this matter.


s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**